UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DENICE WEST,

      Plaintiff,

vs.

FIFTH THIRD CORP., *et al.*,

      Defendants.

Case No. 1:11-cv-547

Dlott, J.
Bowman, M.J.

### REPORT AND RECOMMENDATION[1]

Plaintiff initiated this action on August 17, 2011[2] by filing a *pro se* complaint against defendants Fifth Third Corporation, AlliedBarton Security Services, LLC, Vance Turner, and Chris Bolender for alleged discrimination and retaliation in violation of Title VII, 42 U.S.C. 2000e-5(f). (Doc. 5). This action is now before the Court on a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants Vance Turner and Chris Bolender (Doc. 15) and Plaintiff's responsive filings. (Docs. 23, 24).

**I. Background**

On May 10, 2011, Plaintiff filed a Charge of Discrimination with the EEOC against AlliedBarton Security Services alleging that she was harassed, intimidated and retaliated against during her employment due to her sex. (*See* Doc. 5 at 8). Plaintiff also alleged that she was discriminated against due to her disability in violation of the Americans with Disabilities Act.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Plaintiff filed a motion for leave to proceed in forma pauperis on August 11, 2011. (Doc. 1). The motion was granted on August 17, 2011 and the complaint filed the same day.

On May 11, 2011, the EEOC determined that it was unable to conclude that the information they had obtained established any violation of the relevant statutes and issued a Right to Sue letter. (Doc. 5 at 6). In August 2011, Plaintiff filed the instant action alleging claims of discrimination and retaliation pursuant to Title VII. Plaintiff's complaint names Fifth Third Corporation, AlliedBarton Security Services and two individual Allied Barton employees as Defendants.

In response, the two individual Defendants argue that they cannot be held personally liability under Title VII and that the claims against these Defendants should be dismissed. The undersigned agrees, and for the reasons that follow, recommends that Defendants' motion to dismiss be granted.

## II. Analysis

### A. Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), Plaintiff's' complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned,

the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. Thus, the factual allegations of a pleading "must be enough to raise a right to relief above the speculative level ...." *Twombly*, 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

### B.  Defendants' motion to dismiss is well-taken

To the extent that Plaintiff is attempting to bring Title VII against the individual Defendants, the claims against those Defendants should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon with relief can be granted. *See Wathen v. General Electric Co.*, 115, F.3d 400, 404 n.6, 405 (6th Cir. 1997) (Title VII does not provide for individual liability); *see also Liggins v. State of Ohio*, 210 F.3d 372, 2000 WL 178420, \*\*2 (6th Cir. 2000) (district court properly dismissed [plaintiff's] Title VII claims against the individual defendants because "the named defendants, sued in their individual capacities, are not included within the statutory definition of 'employer' under Title VII and its sister civil rights statutes, and accordingly cannot be held personally liable for discrimination").

Accordingly, the undersigned finds that the individual Defendants cannot be held liable under Title VII, therefore, the claims against them are properly dismissed.

### III.  Conclusion

For the reasons stated herein, **IT IS RECOMMENDED** that Defendants' motion to dismiss (Doc. 15) be **GRANTED,** and Defendants Vance Turner and Chris Bolender be **DISMISSED** from this action.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DENICE WEST,

    Plaintiff,

vs.

FIFTH THIRD CORP., *et al.*,

    Defendants.

Case No. 1:11-cv-547

Dlott, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).